## PROVIDENCE COUNTY.

———•———

### WILLIAM G. R. MOWRY *vs.* JOHN KERRINS.

Pleas in abatement may be amended by permission of the court.

ASSUMPSIT. On motion to amend plea in abatement of the writ.

The writ in this case was served by attachment of realty. The plea denied service, alleging that the defendant had no title nor estate subject to attachment in the realty pretendedly attached. As originally filed the plea began in abatement and closed in bar, by praying judgment " if the said plaintiffs ought to have or maintain their action," instead of praying that the writ might be quashed. The present motion was to amend this formal error.

*June* 11, 1877. PER CURIAM. Motion to amend a plea in abatement. The plaintiff, who demurs to the plea, contends that it cannot be amended.

The same point was before the court in *Hoppin & Wife* v. *Jenckes*, 9 R. I. 102, 106, and was there argued by able counsel and many authorities cited. The court there decided to allow the amendment.

Our statute allowing amendments is very broad in its provisions, and although pleas in abatement are called in the books dilatory pleas, they sometimes, under our practice, present very important questions. We think the present case is a proper one for the exercise of the discretion of the court.

*Motion granted.*

*Elisha C. Mowry*, for plaintiff.
*A. J. Cushing*, for defendant.